### McCLURE et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 3, 1911.)

No. 1,858.

1. PUBLIC LANDS (§ 138*)—PATENTS TO FICTITIOUS GRANTEE.

Patents to lands issued by the Land Department to fictitious grantees on forged and fraudulent homestead applications and proofs convey no title, and the United States is entitled to their cancellation even as against a purchaser in good faith for value and without actual notice, who acquired apparent title through forged conveyances.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 368; Dec. Dig. § 138.*]

2. PUBLIC LANDS (§ 120*)—SUIT FOR CANCELLATION OF PATENT—JURISDICTION.

The tender to the Land Department by the holder of the record title to land within a forest reservation of a quitclaim deed to such land to be exchanged for outside land under Act June 4, 1897, c. 2, 30 Stat. 36 (U. S. Comp. St. 1901, p. 1541), which deed has not been accepted nor the exchange approved, does not defeat the jurisdiction of a Circuit Court to entertain a suit by the United States to cancel the patent issued for such land for fraud or mistake; the Land Department having no power to cancel a patent once issued.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 120.*]

Appeal from the Circuit Court of the United States for the District of Oregon.

Suit in equity by the United States against Helen A. McClure, Charles W. McClure, John J. Rupp, trustee under the will of William C. McClure, deceased, Jethro G. Mitchell, and Leroy Brooks. Decree (174 Fed. 510) for complainant, and defendants appeal. Affirmed.

The bill of complaint in this case was brought by the United States attorney for the District of Oregon by direction of the Attorney General of the United States to cancel a certain patent issued by the United States to one John Reese upon a false and fraudulently forged homestead application in the fictitious name of John Reese. The false and fraudulent proceedings to obtain a patent as alleged in the bill of complaint are, in substance, that the lands described in the patent were located in the state of Oregon, and prior to the 20th day of September, 1903, were unappropriated public lands of the United States, and thereafter and ever since have been reserved and set aside as a part of the Cascade forest reserve; that Horace G. McKinley, Robert Montague, and other persons to the complainant unknown, taking advantage of the pretended authority conferred upon the said Robert B. Montague as deputy clerk of Linn county, Or., and with intent to defraud the United States out of the title and possession to the land described in the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bill of complaint, and in order that they might secure to themselves the use and benefit of said land as a basis for lieu selection under the act of June 4, 1897 (30 Stat. 36 [U. S. Comp. St. 1901, p. 1541]), falsely and fraudulently forged an application and affidavit to enter said lands under the homestead laws in the name of John Reese, a fictitious person, and the said Robert B. Montague falsely and fraudulently affixed the seal of the county clerk of Linn county, Or., to said application of homestead entry and subscribed the name of W. F. Hammer, county clerk, thereto, and thereupon said Horace G. McKinley and said Robert B. Montague caused said affidavit and application for homestead entry to be filed in the United States Land Office at Oregon City, Or., on the 20th day of October, 1900.

It is alleged that there was no such person as John Reese; that the name of John Reese where it appears in the application and affidavit of homestead entry was forged either by Horace G. McKinley or Robert B. Montague or other persons acting with them; that no person ever settled or resided upon or made improvements upon the lands in question. It is further alleged that these proceedings were had in order that the said McKinley and Montague and other persons acting with them might thereby falsely and fraudulently acquire title to said lands and secure the benefit therefrom as a basis for lieu selection under the laws of the United States; that McKinley, Montague, or the persons acting with them paid to the receiver of the United States Land Office at Oregon City the fees of that office upon filing the said false and forged application of homestead entry, and a proper receiver's certificate was issued therefor; that McKinley and Montague caused to be filed with the register and receiver of the Land Office a notice in the name of John Reese, which name of John Reese had been forged by the parties named; that said notice was to the effect that the said John Reese intended to make final proof to establish his claim to the land before the county clerk of Linn county, Or., by certain named witnesses, whose names were false, forged, and fictitious; that the register of the Land Office, being ignorant of the facts and having no means of ascertaining the same, issued a notice in compliance with the pretended application; that, pursuant to said scheme to defraud the United States out of title and possession to said land, McKinley and Montague falsely and fraudulently made and executed fictitious homestead proofs upon said land, and forged the name of John Reese thereto as applicant and claimant, and the names of John F. Foster and Willis Burns as witnesses; that Montague caused the homestead proofs to be transmitted to and filed in the United States Land Office at Oregon City, Or.; that the register of the Land Office certified that, pursuant to the provisions of the laws of the United States, John Reese had made payment in full for the land, and would be entitled to a patent for the tract of land described, and thereafter there was issued in the name of John Reese a patent of the United States purporting to convey to the said John Reese the lands described; that all of the said false and fraudulent representations as in the bill set forth were made with the intent of said McKinley, Montague, and other persons acting with them to deceive and defraud the United States out of the use of and title to and possession of its land, and, in order that said last-mentioned persons might enjoy the benefits accruing therefrom as a basis for lieu land selections; that thereafter Montague made a false, forged, and fraudulent warranty deed in the name of John Reese to one Otterson; that there was no such person as Otterson; that said name was a false and fictitious name adopted by Montague for the purpose of disposing of said lands; that Montague executed another false, forged, and fraudulent warranty deed in the name of Otterson, conveying the said land to one Garland, and that Montague subsequently delivered to Garland the patent to the lands and deeds of Reese to Otterson, and of Otterson to Garland, and that said instrument was by Garland placed on record in Linn county, Or., where the land described in the patent is located; that the land described in the patent is within the limits of the Cascade forest reserve; that on the 16th day of September, 1903, Garland executed as required by law a deed of relinquishment of said lands to the United States, and caused said deed to be recorded on September 19, 1903, in the office of the recorder of conveyances for Linn county, Or., and based upon said relinquishment the said Garland applied to select of the public lands of the

United States in lieu thereof certain lands described in the complaint; that said lieu selection has not yet been approved by the Commissioner of the General Land Office of the United States, and that the matter is still pending in that office. The defendants claim title to such lieu selection as the successors in interest of Garland.

The prayer of the bill is for a decree canceling, annulling, and setting aside the patent to the fictitious John Reese, and the conveyances of the lands as above described, and canceling, annulling, and setting aside all the pretended claims of the defendants. To this bill of complaint the appellants interposed a demurrer on a number of grounds, among others, that the complaint did not state a cause of action entitling the complainant in a court of equity to any relief as against the appellants, they being innocent purchasers of the property, and not charged by the bill with any knowledge or information of any illegality in the title or of the fraudulent acts of the parties named in the bill, that the persons receiving title from the United States were persons in actual being, and the fact that a fictitious name was used to designate a person in actual being did not authorize the relief prayed for. The demurrer was overruled by the Circuit Court, and a decree was accordingly entered in accordance with the prayer of the complaint.

The defendants appeal.

Platt & Platt, for appellants.
John McCourt, U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1] It is impossible to distinguish this case from the cases of McLeod v. United States (just decided) 187 Fed. 261. The homestead proceedings in this case were all fictitious and fraudulent as in those cases, and were prosecuted by the conspirators named in the bill of complaint for the purpose of defrauding the United States out of the title and possession of its lands. The patent was issued to a fictitious person, and conveyed no title as held by the United States Supreme Court in Moffat v. United States, 112 U. S. 24, 5 Sup. Ct. 10, 28 L. Ed. 623, and by this court in the cases of McLeod v. United States, supra.

[2] The tender of a deed of relinquishment of the lands to the United States in this case by Garland does not change the situation. The relinquishment has not been accepted by the United States, and no proceedings had by the Land Department giving validity to the patent issued to the fictitious and fraudulent John Reese, nor does the relinquishment and the application to select land in lieu thereof defeat the jurisdiction of the Circuit Court to entertain a suit on the part of the United States to cancel the patent issued by the officers of the Land Department by mistake in such fictitious and fraudulent proceedings. The Land Department of the government may refuse to admit the validity of the patent in any proceedings before that department, but it cannot revoke and cancel the instrument. That jurisdiction is vested in the Circuit Court of the United States. In Moore v. Robbins, 96 U. S. 530, 24 L. Ed. 848, the Supreme Court said with respect to this question of jurisdiction:

"After a patent for public lands is once issued, all control of the executive department over the title ceases. If fraud, mistake, error, or wrong has been done, the courts of justice present the only remedy. These courts are as open to the United States to sue for cancellation of the deed or reconveyance of

the land as to individuals; and, if the government is the party injured, this is the proper course."

We are of opinion that the bill of complaint is sufficient, and that the decree of the court below on the demurrer should be affirmed, and it is so ordered.